ADAMS, APPELLEE, *v.* McNEIL, APPELLANT.

(No. 8286—Decided June 17, 1957.)

*Messrs. Rendigs, Fry & Kiely* and *Mr. Edward J. Utz,* for appellee.

*Mr. Fred L. Hoffman,* for appellant.

MATTHEWS, J. This is an appeal on questions of law only, in which we are presented with a partial bill of exceptions intended as a basis for the presentation of specific questions of law.

The bill of exceptions recites that the parties introduced evidence in support of the allegations of their respective pleadings. It will, therefore, be necessary to resort to those pleadings to determine the probative effect of the evidence introduced.

The plaintiff in his amended petition alleges that at about 2:00 a. m. on November 6, 1954, he was operating his Buick automobile in a northerly direction in and upon Reading Road near the 7600 block, and that at that time and place an automobile operated by the defendant was suddenly and without warning driven from the west or right side of Reading Road in a southerly direction, to the east, across the center line onto his left or wrong side of said street, directly into the path of and against the plaintiff's automobile, causing the damage of which he complains.

The plaintiff alleges that the collision and damage were caused by the negligence of the defendant, in that he failed to operate his automobile on his right side of the road and, also, failed to keep a proper lookout for other users of the street and to operate his automobile with due regard for the safety and rights of other users of the street at the time.

By his amended answer the defendant admits that the plaintiff's and the defendant's automobiles were being operated by them on Reading Road at the time, all as alleged by the plaintiff, and that they collided. The defendant then alleges that just prior to the collision the plaintiff drove his Buick to the left of another vehicle proceeding in the same direction, and, as a result, the glaring rays of the headlights on plaintiff's automobile were projected into the defendant's eyes.

The defendant then alleges that the plaintiff operated his automobile on the left, or wrong, side of the street, that he was operating his automobile at an unreasonable rate of speed, to wit, in excess of 35 miles per hour, and that he failed to sound his horn, or give other warning that a collision was imminent; and, finally, the defendant denied all other allegations, and, as a second defense, alleged contributory negligence in general terms.

By amended cross-petition, the defendant repeats, in greater detail, the allegations of the amended answer as to the manner in which the plaintiff had operated his automobile, and added thereto an allegation that the plaintiff had failed to keep a proper lookout and that as a direct result of the collision the defendant was injured. Defendant then set forth the respects in which he was injured.

The allegations of the amended answer and cross-petition were placed in issue.

According to the recitals in the bill of exceptions, there was evidence to support all the allegations that were controverted. However, it will be noted that there was no dispute that all the damage suffered by the parties resulted from the collision of their automobiles, so that the cause of the collision was the only issue upon which liability depended. If it resulted from the defendant's negligence, as alleged by plaintiff, he is liable to the plaintiff for such damage as resulted to him directly therefrom.

If it resulted from plaintiff's negligence, as alleged by defendant, then defendant is entitled to recover for all damage resulting to him directly therefrom. If both were negligent, contributing in the slightest degree to the collision, then neither is entitled to recover.

At the conclusion of the evidence, the defendant requested the court "to submit in writing each determinative issue to be tried by the jury and to direct the jury to give a special verdict in accordance with Section 2315.15 of the Revised Code."

At that juncture in the trial, both plaintiff and defendant requested the court, in writing, to give certain special charges that might or might not be appropriate, depending upon their validity and applicability if issues were to be submitted to the jury for a general verdict. The court refused to give these charges, and exceptions were duly reserved by the parties, and then, apparently, the plaintiff joined in the request for a verdict in accordance with Section 2315.15, Revised Code.

The court requested the assistance of counsel in the preparation of the form of verdict to be furnished to the jury, and, as a result, the verdict took the form of 33 separate and distinct questions, each of which was to be signed by the jurors concurring in the answers. These questions, with perhaps three exceptions, were answered and signed separately by nine or more of the jurors, and the answers certainly show that the collision of these two automobiles was caused by the defendant's sole negligence.

One of the claimed errors is the refusal of the court to submit five additional questions to the jury and to keep the jury in session until it had answered all those submitted, or until it had announced its inability to agree.

The submission of these questions is said to be authorized by Sections 2315.15 and 2315.16, Revised Code, as amended (126 Ohio Laws, 62, 63). They read as follows:

Section 2315.15. "When requested by either party, the court shall submit in writing each determinative issue to be tried by the jury and direct the jury to give a special verdict."

Section 2315.16. "When either party requests it, the court shall instruct the jurors, if they render a general or special verdict, specially to find upon particular material allegations con-

tained in the pleadings controverted by an adverse party, and submitted by the court in writing, to the jury, and shall direct the jury to return a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk."

While the court is tempted to analyze these questions and determine which ones were properly submitted under the provisions of those sections, we do not yield to the temptation, for the reason that the answers to those questions present a clear picture of the plaintiff's automobile, stopped on his lawful side of the street, and the defendant without any excuse crossing from his lawful side onto his unlawful side and colliding with the plaintiff's automobile, thereby causing the plaintiff's injuries.

Under such circumstances, there could be no prejudicial error in the submission of questions calling for answers upon nondeterminative facts.

We find no prejudicial error in the refusal of the court to give the special charges requested by the defendant, or in overruling the defendant's motion to strike from the plaintiff's petition.

We find no prejudicial error in the record.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.